UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 3:25-CV-30208

|  |  |
|---|---|
| QUAVERLY ROTHENBERG,<br>      Plaintiff,<br><br>V.<br><br>CITY OF NORTHAMPTON,<br>MARISSA ELKINS,<br>ALEXANDER JARRETT, and<br>STANLEY MOULTON,<br><br>      Defendants. | **AMENDED COMPLAINT AND<br>JURY DEMAND** |

## **PARTIES**

1. The Plaintiff is a citizen of Massachusetts and an adult resident of Hampshire County

2. The Defendant, City of Northampton, is a municipality of Massachusetts, located in Hampshire County.

3. The Defendant, Marissa Elkins, is a City Councilor employed by the Northampton City Council, a component of the Defendant City of Northampton; Defendant Elkins is sued in both her individual and her official capacity.

4. The Defendant, Alexander Jarrett, is a City Councilor employed by the Northampton City Council, a component of the Defendant City of Northampton; Defendant Jarrett is sued in both his individual and his official capacity.

1

5. The Defendant, Stanley Moulton, is a City Councilor employed by the Northampton City Council, a component of the Defendant City of Northampton; Defendant Moulton is sued in both his individual and his official capacity.

## JURISDICTION

6. All the actions described in this Complaint took place in the City of Northampton, in Hampshire County, Massachusetts.

7. This court has original jurisdiction over the federal claims stated herein pursuant to 28 U.S.C. § 1331.

8. This court has original jurisdiction over the Massachusetts state claims state herein pursuant to 28 U.S.C. § 1367.

## VENUE

9. This court has venue over this matter pursuant to 28 U.S.C. § 1391(b)(2).

## STATEMENT OF FACTS

10. On or about March 12, 2025, the City of Northampton passed and published a "resolution," R-25.223, as proposed by Defendants Elkins, Jarrett, and Moulton.

11. In the published resolution, the City asserted that Ms. Rothenberg had potentially committed the crime of public corruption, prohibited in G.L. c. 268A, § 23(b)(2)(ii), when she called the City to report a hazardous road.

12. As punishment for her potentially criminal conduct, the resolution "censured" Councilor Rothenberg.

13. Pursuant to G.L. c. 43, section 125, the resolution was "in force" from on or about March 22, 2025, and remains in force as a matter of state law.

14. The allegation of criminal public corruption was both false and baseless.

15. Quaverly Rothenberg, also a City Councilor, had called dispatch to request that emergency action be taken to address icy conditions on a constituent's road before the morning commute, to avoid injury to individuals who might not be aware of the road's hazardous condition.

16. Councilor Rothenberg suggested that the road be closed.

17. There was no tangible benefit to Councilor Rothenberg from the requested road closure and no unearned benefit to any person.

18. In the same resolution, the City asserted that Councilor Rothenberg had violated the City Charter's prohibition against giving instructions to an appointee of the mayor. This allegation was also false; no such instruction was given to any mayoral appointee.

19. The resolution also states that Councilor Rothenberg "harassed" the dispatcher to whom she reported the dangerous road.

20. In the context of the resolution, which is replete with legalese and citations to statutes and City charter provisions, the clear import of the "harassment" allegation is to accuse Councilor Rothenberg of a civil or criminal wrong.

21. The allegation of harassment was also false and baseless. Councilor Rothenberg did not commit a civil or criminal wrong when she reported the dangerous road to dispatch or when she requested immediate action.

22. The untrue statements in the resolution were made negligently or recklessly, without regard for their truth or falsity.

23. Indeed, when the falsity of the allegations was brought to the City's attention in a cease-and-desist letter, the City expressed the belief that the City and its employees were free to accuse Ms. Rothenberg of "potentially" committing specific crimes, charter violations, and civil torts because such allegations are merely "opinions" and hence not actionable regardless of their falsity.

24. The City's response, besides indicating a fundamental misapprehension of law, tends to prove that the statements were made with a reckless disregard for their truth.

25. The three sponsors reduced their resolution to writing, and Defendant Jarrett called a special meeting of the City Council for the sole and exclusive purpose of discussing and voting on the resolution.

26. The use of the resolution process to accuse a City Councilor of crimes is unprecedented in Northampton's history.

27. It is also unusual for a special meeting to be called when the subject matter of the meeting is not time sensitive.

28. The resolution passed and was adopted by the City, which published the resolution on its website.

29. The publication, endorsement, and repetition of the baseless and false allegations by the Defendants caused significant harm to Councilor Rothenberg.

30. The public accusation and finding of criminal conduct, together with the punishment of "censure," was punitive and resulted in harm to her reputation and emotional well-being.

31. Before the Defendants censured the Plaintiff for "potentially" committing a crime, the Plaintiff had no opportunity to dispute the charges in any judicial forum.

32. Upon information and belief, in order to collaborate on the joint sponsorship of the proposed resolution and reduce it to writing, Councilors Elkins, Jarrett, and Moulton spoke to each other outside of the Council chamber before the March 12, 2025, meeting.

33. At some times, while speaking to each other about the proposed resolution, in scheduling a special meeting for the purpose of discussing the resolution, and in putting forward and orchestrating the passage of the resolution, Defendants Elkins, Jarrett, and Moulton were acting in their capacity as City Councilors, under color of state law.

34. At other times, when speaking to each other about the proposed regulation, Defendants Elkins, Jarrett, and Moulton were acting in their individual capacities.

35. On or about March 18, 2025, the Plaintiff presented the claim to the City of Northampton by Certified United States Mail.

36. As of the date of filing of this complaint, the City has made no written response to the presentment.

## CLAIMS OF ACTION

### FIRST CLAIM:
### FEDERAL CIVIL RIGHTS ACT, 42 U.S.C. § 1983
### (ALL DEFENDANTS)

37. The Plaintiff incorporates as if restated here the allegations set forth in all preceding paragraphs.

38. The Defendants caused the Plaintiff to be deprived of the following rights, privileges, and/or immunities secured by the Constitution and laws by their above-described conduct, which violates following constitutional prohibitions:

39. The First Amendment to the United States Constitution, which prohibits abridging the Plaintiff's rights to free speech and free expression and the Plaintiff's right to petition the government for a redress of grievances; and

40. Article I, section 10 of the United States Constitution, which prohibits the passing of a bill of attainder.

WHEREFORE the Plaintiff demands judgment to be entered against the above-named Defendants, jointly and severally, in an amount to be determined by a jury, plus costs and interest as allowed by law, and that the Defendant City be enjoined to withdraw the Resolution as an unconstitutional bill of attainder.

**SECOND CLAIM:**
**MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. 12, §§ 11H & 11I**
**(DEFENDANTS ELKINS, JARRETT, AND MOULTON)**

41. The Plaintiff incorporates as if restated here the allegations set forth in all preceding paragraphs.

42. By the above-described conduct, Defendants Elkins, Jarrett, and Moulton used intimidation to interfere and to attempt to interfere with the Plaintiff's rights as follows:

43. The right to free speech and to petition the government for redress of grievances as guaranteed in the First Amendment to the United States constitution and Articles Sixteen and Seventy-Seven of the Massachusetts Declaration of Rights.

WHEREFORE the Plaintiff demands judgment to be entered against the Defendants Elkins, Jarrett, and Moulton, jointly and severally, in an amount to be determined by a jury, plus costs and interest as allowed by law.

## THIRD CLAIM:
## MASSACHUSETST TORT CLAIMS ACT, M.G.L. C. 258 § 2
## (DEFENDANT CITY)

44. The Plaintiff incorporates as if restated here the allegations set forth in all preceding paragraphs.

45. The Defendant City, by the above-described conduct, negligently or recklessly caused harm to the Plaintiff.

46. The Defendant City, by the above-described conduct, negligently failed to train and/or to supervise and/or to advise Defendants Elkins, Jarrett, and Moulton.

47. The Defendant City is liable for the injury to the Plaintiff that resulted from the above-described negligent or wrongful acts of Defendants Elkins, Jarrett, and Moulton, and from the passage of the Resolution.

WHEREFORE the Plaintiff demands judgment to be entered against the Defendant City in an amount to be determined by a jury, plus costs and interest as allowed by law.

## FOURTH CLAIM: DEFAMATION
### (INDIVIDUAL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES)

48. The Plaintiff incorporates as if restated here the allegations set forth in all preceding paragraphs.

49. Defendants Elkins, Jarrett, and Moulton, by falsely, maliciously, and in bad faith alleging orally and in writing that the Plaintiff committed the Massachusetts crime of public corruption, defamed and libeled the Plaintiff.

WHEREFORE the Plaintiff demands judgment to be entered against the Defendants in an amount to be determined by a jury, plus costs and interest as allowed by law.

## JURY DEMAND

The Plaintiff demands a trial by jury of all claims so triable.

Respectfully Submitted,
QUAVERLY ROTHENBERG,
By Counsel
*/s/ Dana Goldblatt*
Dana Goldblatt
BBO #601022
P.O. Box 85
Northampton, MA 01060
P: 413-570-4136
F: 888-393-0143
E: dana@danagoldblattlaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 3:25-CV-30208

| | |
|---|---|
| QUAVERLY ROTHENBERG,<br>    Plaintiff,<br><br>V.<br><br>CITY OF NORTHAMPTON,<br>MARISSA ELKINS,<br>ALEXANDER JARRETT,  and<br>STANLEY MOULTON,<br><br>    Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF) on March 2, 2026.

*/s/ Dana Goldblatt*
Dana Goldblatt
BBO #601022
P.O. Box 85
Northampton, MA 01060
P: 413-570-4136
F: 888-393-0143
E: dana@danagoldblattlaw.com

1